UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:21-CR-00139-LEW-1 |
| | ) | |
| PATRICK MCKEEN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO TERMINATE REMAINING TERM
OF <u>SUPERVISED RELEASE</u>**

Defendant Patrick McKeen has moved (ECF No. 2) to terminate his remaining term of supervised release.   For the reasons that follow, the motion is denied.

## BACKGROUND

Defendant was convicted of bank robbery in the District of New Hampshire in 2010, sentenced to 125 months in prison and three years of supervised released, and ordered to pay restitution.  Defendant commenced supervised release on June 1, 2021, and is set to complete his term by May 31, 2024.

During Defendant's time under supervised release, the U.S. Probation Office ("USPO") reports that he tested positive for marijuana on numerous occasions in violation of his terms of supervised release.  Defendant also submitted a handful of samples for drug testing that were diluted.  Additionally, the U.S. Attorney's Office in New Hampshire reports that the Defendant and his co-defendant still owe approximately $114,000 in restitution.

On October 21, 2022, Defendant filed a pro se Motion to Terminate Remaining Term of Supervised Release (ECF No. 2).  Defendant argues that his term of supervised release should be terminated because he took full responsibility for his part in the bank robbery and spent his time in incarceration practicing yoga and mastering two different styles of kung fu that allowed him the ability to truly reform his life in a meaningful way. Further, the Defendant highlights a plethora of other impressive feats such as the care taking done for his dying father, consistent employment, the steps he has taken to begin paying his restitution, the book he has written, and the counseling he went through. The Defendant also submits in his Motion a series of explanations for the positive drug tests.

On November 14, 2022, the Government filed a Response in Opposition to Defendant's Motion to Terminate Supervised Release (ECF No. 3).  The Government argues that continued supervision will provide the Court with a tool to assist in enforcement of the restitution and that the Defendant has not identified any hardships that he faces or changes in circumstances that would warrant early termination.  Because of this, the Government submits that the Defendant has not demonstrated that termination is in accordance with the § 3553(a) factors or is in the interest of justice and requests that the Court deny the Defendant's Motion.

On November 28, 2022, Defendant submitted a Reply (ECF No. 4) to the Government's Response, in which he cites cases that allowed for a termination of supervised release despite repeated smoking of marijuana contrary to the terms of release and he highlights the policy arguments for the presumption in favor of recommending early termination to reduce expenditures in the probation and pretrial services program.

**DISCUSSION**

When imposing a term of supervised release, the court must consider, inter alia, "[t]he need to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner."   U.S.S.G. § 5D1.1, application note 3(A)(ii).   Supervised release and imprisonment are designed to serve very different purposes. *U.S. v. Joseph*, 109 F.3d 34 (1st Cir. 1997).  Supervised release is not meant to be punitive, instead it is intended to facilitate post-imprisonment integration into the community, while still providing an amount of supervision that would limit further criminal conduct. *Id.* at 38-39. Supervised release is "a form of postconfinement monitoring" that permits a defendant a kind of conditional liberty by allowing defendants to serve part of their sentence outside of prison. *Johnson v. United States*, 529 U.S. 694, 697 (2000).

A sentencing court may, upon consideration of the general sentencing factors contained in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant," so long as the defendant has served at least one year of supervised release and early termination "is warranted by the conduct of the defendant released and the interests of justice."  18 U.S.C. § 3583(e)(1).  Defendant has now served more than one year of supervised release, so under 18 U.S.C. § 3583, the Court is authorized to terminate his remaining term of supervised release.  However, as the Government mentioned in its Reply, mere compliance with the terms of supervised release is not enough to warrant the termination of supervision.  *United States v. Swain*, 1:11-CR-00015-JAW, 2021 WL

1582769, *5 (D. Me. Apr. 22, 2021).  Full compliance with supervision is assumed and expected.  *Id.*

Although Defendant's rehabilitative efforts are laudable, my consideration of the section 3553(a) factors as well as the collective interest of justice standard all militate against granting early termination of supervised release.  Defendant has tested positive for marijuana and submitted diluted urine samples in the course of his still nascent period of supervised release.  USPO has demonstrated characteristic patience with the Defendant insofar as it has recommended continued supervision of Defendant in the community in lieu of seeking a revocation of his supervised release, these violations notwithstanding.

## CONCLUSION

For the foregoing reasons, Defendant's Motion (ECF No. 2) is DENIED without prejudice and the terms of supervised release remain in effect.

SO ORDERED.

Dated this 12th day of December, 2022.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE