UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) 1:21-cr-00139-LEW<br>PATRICK MCKEEN, )<br>)<br>Defendant. ) | |

### ORDER ON DEFENDANT'S MOTION TO RECONSIDER AND TO TERMINATE REMAINING PERIOD OF SUPERVISED RELEASE

Defendant Patrick McKeen has moved to terminate his final three months of supervised release (ECF No. 13). Because early termination is disfavored by McKeen's repeated violations of supervised release and the interest of justice, the motion is denied.

### BACKGROUND

McKeen was convicted of bank robbery in the District of New Hampshire in 2010, sentenced to 125 months in prison and three years of supervised release, and ordered to pay restitution. McKeen will complete his three years of supervised release on May 31, 2024.

During his time on supervised release, the U.S. Probation Office ("USPO") reports that McKeen tested positive for marijuana on numerous occasions in violation of his terms of supervised release. He also submitted a handful of samples for drug testing that were diluted. On October 13, 2023, I warned McKeen at a compliance hearing that his supervised release may be revoked if he continued using marijuana. McKeen's last positive test was on November 7, 2023, and USPO represents that McKeen has stopped

using marijuana.  USPO acknowledges McKeen's progress while on supervised release: he works fulltime, has a stable residence, and is making monthly payments toward his restitution obligation, with a current balance of $110,000.  USPO and the Government, however, oppose McKeen's request because he has violated his conditions of supervised release in the past twelve months by using marijuana.

## DISCUSSION

When imposing a term of supervised release, the court must consider, among other criteria, "[t]he need to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  U.S.S.G. § 5D1.1 cmt. n.3(A)(ii).  Supervised release and imprisonment are designed to serve very different purposes.  *United States v. Joseph*, 109 F.3d 34 (1st Cir. 1997).  Supervised release is not meant to be punitive; instead, it is intended to facilitate post-imprisonment integration into the community, while still providing an amount of supervision that would limit further criminal conduct.  *Id.* at 38–39.  Supervised release is "a form of post confinement monitoring" that permits a defendant a kind of conditional liberty by allowing defendants to serve part of their sentence outside of prison.  *Johnson v. United States*, 529 U.S. 694, 697 (2000).

A sentencing court may, upon consideration of the general sentencing factors contained in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant," so long as the defendant has served at least one year of supervised release and early termination "is warranted by the conduct of the defendant released and the

interest of justice." 18 U.S.C. § 3583(e)(1).  McKeen has served more than one year of supervised release, so the Court is authorized to terminate his remaining term of supervised release.  However, mere compliance with conditions of supervised release is not enough to warrant the termination of supervision.  *United States v. Swain*, 1:11-CR-00015-JAW, 2021 WL 1582769, *5 (D. Me. Apr. 22, 2021).  Full compliance with supervision is assumed and expected.  *Id.*

Although McKeen's rehabilitative efforts are commendable, the § 3553(a) factors and the interest of justice militate against an early termination of supervised release. McKeen continued to use marijuana—in violation of his conditions of supervised release—until I warned McKeen of the potential consequences of violating his conditions at a compliance hearing.  McKeen's reference to President Biden's proclamation pardoning individuals prosecuted for simple possession of marijuana is unpersuasive because it does not change the fact that McKeen violated his conditions of supervised release.

## CONCLUSION

For the foregoing reasons, McKeen's Motion (ECF No. 13) is **DENIED**, and the terms of supervised release remain in effect.

**SO ORDERED.**

Dated this 18th day of March, 2024.

                                                    /s/ Lance E. Walker
                                                    Chief U.S. District Judge